MORRIS SIEGEL, as Administrator, etc., of HARRY SIEGEL, Deceased, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY,

---

* Affd., 263 N. Y. 285.     † Affd., 264 N. Y. 559.     ‡ Revd., 263 N. Y. 496.

Appellant.— Judgment and order reversed on the law and a new trial granted, costs to abide the event. The court erred in granting the request to charge at folio 548, eliminating the element of lurch of car and permitting a finding of liability based solely on the defective character of the brake and decedent's being thrown from the car while on his way to aid Kenney. The main charge correctly stated the law with respect to the defective brake. (*Lang* v. *New York Central R. R. Co.*, 255 U. S. 455; *Bohm* v. *Chicago, M. & St. P. R. Co.*, 161 Minn. 74; *Phillips* v. *Pennsylvania R. Co.*, 283 Fed. 381; *M'Calmont* v. *Pennsylvania R. Co.*, Id. 736; *Davis* v. *Hand*, 290 id. 73; *Weekley* v. *Baltimore & O. R. Co.*, 4 F. [2d] 312; *Reetz* v. *Chicago & E. R. Co.*, 46 id. 50; *Davis* v. *Wolfe*, 263 U. S. 239, 243.) Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Tompkins, J., dissents and votes to affirm.